van Gestel, J.
This matter comes before the Court in the midst of a deposition on a motion by the plaintiffs seeking to compel a deponent to answer certain questions. The deponent is Attorney Jason Sokolov (“Mr. Sokolov”), a partner in the defendant law firm Rubin & Rudman, LLP.
Mr. Sokolov is said to be a Rubin & Rudman, LLP partner who participated in the drafting and who approved the execution of an opinion letter that is at the heart of the case against Rubin & Rudman, LLP. Mr. Sokolov’s counsel at the deposition, who also is counsel for Rubin & Rudman, LLP in the case, objected and instructed Mr. Sokolov not to answer certain questions on the grounds that they were hypothetical questions and, therefore, improper. Mr. Sokolov followed his counsel’s instructions. This motion followed immediately, on an emergency basis.
The essence of the questions sought to learn from Mr. Sokolov what he might have donedifferently or nothad he known certain information, that he said he did not know, at the time he participated in the drafting and approval of the opinion letter.
The plaintiffs say that the answers to these questions are material because they may reveal whether the opinion letter would ever have been issued. This they say is important because without the opinion letter the transaction in issue would not have gone forward and the plaintiffs would not have suffered the damages they claim.
The plaintiffs cite to Mass.R.Civ.P. Rule 30(c), second paragraph, and argue that “[c]ounsel for a witness or a party may not instruct a deponent not to answer except to assert or preserve a privilege or protect against disclosure.” They further argue that counsel was not asserting or preserving a privilege when he objected and instructed Mr. Sokolov not to answer. Consequently, plaintiffs contend, Mr. Sokolov should be directed to answer the questions.
The situation, however, is not quite so simple.
In the litigation setting, a hypothetical question does not seek facts but rather calls for an opinion by an expert witness. See, e.g., Wing v. Commonwealth, 359 Mass. 286, 288-89 (1971). See also Wigmore, Secs. 672-86 (Chad. rev. 1979). Mr. Sokolov, however, was not presented or being interrogated as an expert witness or even as a Rule 30(b)(6) witness on behalf of Rubin & Rudman, LLP. Thus, as an ordinary fact witness, he should only be testifying as to facts, not as to opinions. See, e.g., DiMarzo v. American Mutual Insurance Co., 389 Mass. 85, 103-04 (1983). “(N]o party may compel an opponent to perform his thinking for him.” Smith & Zobel, Rules Practice, 7 M.P.S., Sec. 26.5, p. 209. Asking a hypothetical question, e.g., “Assuming the following facts, what would you have done?” would seem to seek precisely what should be prohibited from a fact witness.
What then is a deponent or his counsel to do in the heat of a deposition when hypothetical questions are asked of a non-expert witness? Rule 30(c), second paragraph, suggests an answer. After reciting what counsel for a deponent cannot do by way of instructions not to answer, the Rule goes on to provide exceptions from its mandate. The last of those exceptions is “to terminate the deposition and present a motion to the court pursuant to Rules 30(d) or 37(d).” In the race to the courthouse here, this is not exactly what occuiredinstead, the party asking the questions, not the deponent, presented the motion relying on Rule 30. To this Court, however, the substance of the situation is not significantly different. Consequently, the Court next looks to Rule 30(d) to see what it provides. In pertinent part Rule 30(d) reads:
At any time during the taking of a deposition, on motion of any parly or of the deponent and upon a showing that the examination is being conducted in bad faith or in such a manner as unreasonably to annoy, embarrass, or oppress the deponent or party, the court. . . may limit the scope and manner of the taking of the deposition as provided in Rule 26(c)...
*742 “The conduct and scope of discovery is within the sound discretion of the judge.” Soltmene v. B. Grauel & Co., KG, 399 Mass. 790, 799 (1987). See also GTE Products Corp. v. Stewart, 414 Mass. 721, 725 (1993).
There is no particular surprise or possible miscarriage of justice likely to befall the plaintiffs if they do not discover through Mr. Sokolov’s deposition his ruminations as to what he might have done differently six years ago if he had the benefit of certain information not then in his possession. The plaintiffs cannot showas they mustthat without Mr. Sokolov’s answers to the hypothetical questions they seek to pose they will suffer a loss of rights that cannot be vindicated should they prevail after a full hearing on the merits. See GTE Corp. v. Stewart, supra 414 Mass, at pp. 725-26.
ORDER
For the foregoing reasons, the Plaintiffs’ Emergency Motion to Compel Answers to Deposition Questions and for Costs is DENIED.